## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFRED WHITEFIELD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil No. 22-cv-154** |
| | ) | |
| **STRECHLY, RHU Sergeant, JOHN DOE** | ) | |
| **Captain, C/O I REHONIC, and** | ) | |
| **C/O I TRAUX** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM OPINION and ORDER

This case was referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. On November 6, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that Defendants' Motion to Dismiss be granted and that all claims against the three named Defendants (Strechly, Rehonic, and Traux) be dismissed for failure to state a claim upon which relief can be granted. ECF No. 101. The Magistrate Judge also recommended that all claims asserted against the John Doe Defendant be dismissed for failure to state a claim. *Id.* The parties were informed that objections to the Report and Recommendation were due by November 20, 2024, for the electronically registered Defendants, and by November 27, 2024, for the non-electronically registered party Plaintiff. After obtaining an extension of time, on January 31, 2025, Alfred Whitefield filed his "Objections to Magistrate's Report and Recommendation." ECF No. 105. That same day, Mr. Whitefield filed a Motion for Leave to Amend Complaint. ECF No. 106.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Mr. Whitefield objects to the Magistrate Judge's Report and Recommendation that his First Amendment Access to Courts claim and his Procedural Due process claim be dismissed. ECF No. 105. Briefly, Mr. Whitefield's alleges that, in September 2021, his legal materials were confiscated by two of the Defendants at the direction of a Third Defendant. Mr. Whitefield requested an exemption for his legal materials. That request was denied. Mr. Whitefield pursued his request for an exemption through the prison's grievance system. His appeals were denied. On April 19, 2022, however, he was granted an exemption. Instead of receiving his legal material, he was given an empty box. He alleges that his legal materials were destroyed by Defendants.

Also relevant to the present case, Mr. Whitefield had filed a petition for a writ of habeas corpus on January 26, 2021, in the Eastern District of Pennsylvania. *Whitefield v. Krasner*, Civil No. 21-330 (ED Pa). Mr. Whitefield was represented by counsel in said habeas case. *Id.* Mr. Whitefield's petition for writ of habeas corpus was denied on September 29, 2022. *Id.* at ECF No. 18. Mr. Whitefield did not file an appeal. Mr. Whitefield claims that, because the Defendants destroyed his legal materials, he was unable to file a timely notice of appeal.

## I.    First Amendment Claim

In his Objections, Mr. Whitefield recites the factual allegations of his complaint that support his First Amendment Access to Courts claim. ECF No. 105, at 3. He then argues that the Magistrate Judge improperly engaged in a merits analysis of his claim. *Id.* He further asserts that the Magistrate Judge improperly concluded that his factual allegations were not true, which is contrary to established law on reviewing motions to dismiss for failure to state a claim upon which relief cannot be granted.[1] *Id.* In support of his objection, Mr. Whitefield asserts that his factual allegations, taken as true, support the reasonable inference that Defendants destroyed his legal materials, which prevented him from filing a timely notice of appeal of the denial of his habeas case. *Id.* Mr. Whitefield argues that the inference to be drawn from the allegations is that Defendants' actions denied Mr. Whitefield his First Amendment right to access the courts.

Initially, the Court overrules Mr. Whitefield's objection, insofar as he argues that the Magistrate Judge determined that his allegations were not true. The Magistrate Judge clearly accepted that Mr. Whitefield did not have access to his legal materials as a result of Defendants' actions.

Next, the Court finds that the Magistrate Judge properly conducted an analysis of whether Mr. Whitefield had stated a First Amendment access to courts claim. The standard of review for such claims is: "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury"—that they

---

[1] Mr. Whitefield also argues that the Magistrate Judge erred, because his complaint had already survived the screening process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). ECF No. 105, at 3-4. However, screening a complaint pursuant to § 1915 is not equivalent to resolving a contested motion to dismiss. At the screening process stage, the court may dismiss the complaint, "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir.2001). In resolving a motion to dismiss, the court considers both the defendant's arguments and the plaintiff's response to said arguments on the merits.

lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). A plaintiff also "must describe the underlying arguable claim well enough to show that it is "more than mere hope." *Id.* at 205-06 (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).

The Magistrate Judge concluded that Mr. Whitefield had "not plead facts suggesting that he lost or was unable to present any nonfrivolous or arguable legal claim, because he did not have access to his legal materials." ECF No. 101, at 8. With respect to his allegation that he lost the opportunity to appeal his habeas case, the Magistrate Judge correctly concluded that Mr. Whitefield did not cite facts to demonstrate that the habeas claims he wanted to appeal were nonfrivolous or based upon more than mere hope. Mr. Whitefield only alleged that he was unable to appeal, because he did not have his legal materials. He does not explain the basis upon which an appeal of the denial of his habeas case would have been arguably successful; that is, nonfrivolous. Moreover, when the District Court denied Mr. Whitefield's habeas petition, it also denied him a certificate of appealability, finding that he had not made a substantial showing of the denial of a constitutional right. *Whitefield*, 21-340, ECF No. 18, at 2. Mr. Whitefield does not specifically present facts to explain why any appeal he could have filed, would have overcome the District Court's denial of a certificate of appealability.

Furthermore, Mr. Whitefield does not explain how his legal materials were necessary to the filing of a notice of appeal pursuant to the applicable Federal Rules. *See* Fed. Rule App. Proc. 4(a) (thirty days to file a "notice of appeal"), Fed. Rule App. Proc. 4(c) (inmate confined in an institution procedures for filing and mailing a "notice of appeal"), and Rule 11(b) of the Rules Governing Section 2254 cases. Pursuant to the applicable Rules, there is no requirement that a

litigant include substantive "legal materials" in order to successfully appeal an adverse decision. Thus, in addition to Mr. Whitefield not showing that he had a nonfrivolous claim to pursue upon appeal, Mr. Whitefield also does not show that the lack of his legal materials actually prevented him from filing his notice of appeal.

Finally, Mr. Whitefield was represented by counsel throughout his habeas case, until approximately one month after his habeas petition was denied.  Letter from Z. Goldstein to A. Whitefield, July 12, 2023, attached as Ex. A, to the Complaint, ECF No. 92-1.  Therefore, during the pendency of his habeas case, Mr. Whitefield was not denied access to the courts, because he was represented by counsel.  Moreover, the docket sheet for Mr. Whitefield's habeas case shows that Mr. Whitefield's counsel filed an Application for Extension of Appeal Deadlines on October 24, 2022, approximately five days before the time to file an appeal was to expire.  *Whitefield*, 21-330, ECF No. 19.  In that Application, Mr. Whitefield's counsel asserted that "Petitioner and counsel are still in the process of discussing whether to file a notice of appeal and whether Petitioner wishes to retain the undersigned counsel for that purpose."  *Id.* at ¶ 5.  The Application was granted the next day, and the time for filing an appeal was extended to November 28, 2022. *Id.* ECF No. 20.  Even though Mr. Whitefield had engaged in discussions with his counsel about whether to file an appeal, and even though he received an extension of time within which to file an appeal, Mr. Whitefield did not file an appeal.  Such circumstances support the conclusion that the missing legal materials were unrelated to Mr. Whitefield's ability to file a notice of appeal. Finally, in a letter to Mr. Whitefield, dated approximately nine months after the adverse habeas decision, his former counsel confirmed that his representation of Mr. Whitefield ceased on or about October 25, 2022, "when [Mr. Whitefield's] federal habeas petition was denied and you *chose not to appeal*."  Letter from Goldstein to Whitefield, ECF No. 92-1 (emphasis added).

All of the above considerations support the conclusion that Mr. Whitefield has failed to state a First Amendment access to courts claim upon which relieve can be granted. Mr. Whitefield's Objection is overruled.

## II. Procedural Due Process Claim

The Magistrate Judge recommends dismissal of Mr. Whitefield's Fourteenth Amendment Due Process claim, Mr. Whitefield alleges that he was denied due process in connection with the deprivation of his legal materials. The Magistrate Judge found that, although Mr. Whitefield's legal materials were confiscated (and later destroyed), he always had a meaningful post-deprivation remedy. ECF No. 101, at 9-10. "'[A]n unauthorized intentional deprivation of property' by prison officials does not violate the Due Process Clause 'if a meaningful postdeprivation remedy for the loss is available.'" *Monroe*, 536 F.3d at 210 (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)).

Generally, Mr. Whitefield's Objections to this claim do not undermine the decision of the Magistrate Judge. Specifically, he argues that the Magistrate Judge used the wrong legal standard, because, in his case, the Defendants did not receive authorization to destroy his legal materials. Additionally, he argues that, if Defendants were given authorization to destroy the material, Mr. Whitefield was not given a right to be heard, either before or after the destruction. However, in a case like this, "prisons are constitutionally required to afford inmates *only* a post-deprivation remedy," not a pre-deprivation remedy. *Monroe*, 536 F.3d at 210 (emphasis added). Mr. Whitefield claims he was not provided a post-deprivation remedy; but, as explained by the Magistrate Judge, Mr. Whitefield did have meaningful post-deprivation remedies available. The Magistrate Judge cites the prison grievance process and the right of an inmate, who has been

allegedly wronged, to bring a lawsuit against Defendants under state law.  Mr. Whitefield's Objection is overruled.

Accordingly, the following Order is hereby entered.

**ORDER**

AND NOW, this 6th day of March, IT IS ORDERED that the Report and Recommendation, ECF No.101, filed on November 6, 2024, is adopted as the Opinion of this Court, as supplemented herein.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss, ECF No. 95, is GRANTED.  Alfred Whitefield's First Amendment and Fourteenth Amendment claims, asserted against Defendants Strechly, Rehonic, and Traux, are dismissed with prejudice.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Mr. Whitefield's First Amendment and Fourteenth Amendment claims, asserted against Defendant John Doe, are dismissed with prejudice for failure to state a claim upon which relief can be granted, for the same underlying reasons that the claims against the named Defendants were dismissed.

Leave to file an amended complaint is denied, as explained in the Magistrate's Report.  Accordingly, it is FURTHER ORDERED that Mr. Whitefield's Motion for Leave to Amend Complaint, ECF No. 106, filed at the same time has his Objections, is DENIED.

The Court declines to exercise supplemental jurisdiction over Mr. Whitefield's remaining state constitutional claim.  Said claim is hereby dismissed, without prejudice to his right to pursue the claim in state court.

                                  s/*Marilyn J. Horan*
                                  Marilyn J. Horan
                                  United States District Court Judge

Alfred Whitefield
QK-5562
SCI GREENE
169 PROGRESS DRIVE
WAYNESBURG, PA 15370